IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LEX CLAIMS, LLC, *et al.*, <br><br> **Plaintiffs**, <br><br> v. <br><br> ALEJANDRO GARCIA-PADILLA, *et al.*, <br><br> **Defendants.** | Civil No. 16-2374 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendants' motion to stay this case pursuant to the automatic stay provision of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). (Docket No. 26.) Plaintiffs oppose. (Docket No. 28.) The Court **DENIES** defendants' motion because the automatic stay provision of PROMESA does not apply to this case.

## I.   DISCUSSION

Section 405(b) of PROMESA stays lawsuits that are "with respect to a Liability" if those lawsuits fall within one of the categories listed in subsections (b)(1) through (b)(7). PROMESA § 405(b), 48 U.S.C.A. § 2194(b). Here, the parties agree that this case is "with respect to a Liability." Defendants assert that this case falls within the two categories of cases stayed pursuant to subsection (b)(1). (Docket No. 26.) Plaintiffs argue that subsection (b)(1) does not apply because this action was not and

could not have been commenced before PROMESA's enactment and because this is not an action "to recover a Liability Claim." (Docket No. 28.)  The Court agrees with plaintiffs.

Section 405(b)(1) of PROMESA stays two types of suits.  First, it stays judicial actions "against the Government of Puerto Rico that w[ere] or could have been commenced before the enactment of [PROMESA]."  PROMESA § 405(b)(1), 48 U.S.C.A. § 2194(b)(1).  Plaintiffs commenced this action by filing a complaint on July 20, 2016, (Docket No. 1), after PROMESA was enacted on June 30, 2016.  In their amended complaint, plaintiffs seek a declaration that measures taken by the Commonwealth of Puerto Rico <u>after</u> PROMESA's enactment violate sections 204(c)(3) and 207 of PROMESA.  (Docket No. 25 at pp. 22-28.)  They also seek an injunction enjoining the Commonwealth defendants from enforcing these measures until the PROMESA Financial Oversight and Management Board determines their propriety.  <u>Id.</u>  Plaintiffs could not have commenced this lawsuit before PROMESA's enactment because their claims are to enforce provisions of PROMESA by challenging conduct that occurred after PROMESA's enactment.  Accordingly, this case does not fall into the first type of suit stayed pursuant to section 405(b)(1) of PROMESA.

The second type of suit stayed by section 405(b)(1) of PROMESA are judicial actions "to recover a Liability Claim against the Government of Puerto Rico that arose before the enactment of [PROMESA]."  PROMESA § 405(b)(1), 48 U.S.C.A. § 2194(b)(1).

"Liability Claim" means, "as it relates to a Liability," "right to payment" or "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." Id. § 405(a)(2). In their amended complaint, plaintiffs expressly state that their lawsuit "does not seek to compel payment on Plaintiffs' bonds." (Docket No. 25 at p. 5.)  Rather, plaintiffs seek only declaratory and injunctive relief.  Id. at pp. 22-28.  Although plaintiffs request in their amended complaint an "order awarding . . . costs and attorneys' fees, as authorized under 42 U.S.C. § 1983," (Docket No. 25 at p. 28), the right to payment of costs and attorneys' fees in this action did not arise before PROMESA's enactment because plaintiffs brought this action after PROMESA's enactment.  Thus, plaintiffs do not seek to recover a right to payment that arose before PROMESA's enactment.  Accordingly, this case does not fall into the second type of suit stayed pursuant to section 405(b)(1) of PROMESA.

## II.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Commonwealth defendants' motion to stay this case pursuant to section 405(b)(1), (Docket No. 26).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 2, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE